# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50170
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cristobal Perez Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-226-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Following a bench trial, Defendant-Appellant Cristobal Perez-Hernandez was found guilty of possession with intent to distribute 500 grams or more of methamphetamine. The district court sentenced him to eight years of imprisonment, followed by five years of supervised release. On appeal, Perez-Hernandez challenges the denial of his motion to suppress

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidence recovered following a traffic stop and the subsequent search of his vehicle.

Conceding that the traffic stop was lawful at its inception, Perez-Hernandez argues that officers acted unreasonably by directing him to exit his vehicle after pulling him over and asking him questions about his itinerary. Both of those arguments are foreclosed. The record reflects that it was reasonable for the officers to ask Perez-Hernandez to sit in the service vehicle while an officer investigated the traffic violation. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109–11 (1977); *United States v. Brigham*, 382 F.3d 500, 507–08 (5th Cir. 2004) (en banc) (explaining that brief detentions are reasonable in related circumstances). We agree with the district court that, during the officers' investigation of the traffic violation, separate reasonable suspicion of criminal activity emerged that justified the officers' continued questioning of Perez-Hernandez, at which time he consented to the search. *See Brigham*, 382 F.3d at 508; *United States v. Smith*, 952 F.3d 642, 647–48 (5th Cir. 2020). We reject his position that his consent occurred during an illegal detention, and we conclude that the officers acted reasonably under the circumstances. *See Brigham*, 382 F.3d at 507; *United States v. Reyes*, 963 F.3d 482, 487 (5th Cir. 2020); *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015).

AFFIRMED.